IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA MILLER, MICHELLE GEORGE,
and KACEE KLINE,

        Plaintiffs,

v.                                                                                                                            No. CIV 11-435 WJ/LFG

TORRY CHAMBERS, ANTHONY TOWNES,
RON TORRES, THADDEUS LUCERO, FRANK
MAESTAS, RUBEN PADILLA and the BOARD
OF COUNTY COMMISSIONERS OF
BERNALILLO COUNTY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Ron Torres, Thaddeus Lucero, Frank Maestas, Ruben Padilla and the Board of County Commissioners' ("County Defendants") "Motion for Protective Order and to Quash Subpoena Issued from Plaintiffs to Defendant Bernalillo County through the Bernalillo County Sheriff's Department" ("motion to quash"), filed March 15, 2012. [Doc. 72.] The motion is fully briefed. [Doc. Nos. 82, 83.] In addition, on April 15, 2012, Plaintiffs filed a letter addressed to the Court containing information Plaintiffs obtained after submitting their response to the motion to quash. [Doc. 88.] After careful consideration of the pertinent law, pleadings, and attachments, the Court concludes that the motion should be granted in part and denied in part. The Court's reasoning follows.

**Background**

On April 13, 2011, Plaintiffs Miller and George filed a Complaint for Civil Rights Violations, Sex Trafficking, Tort Claims, and Damages. [Doc. 1, attachment.] On May 19, 2011, Defendants removed the case to federal court. [Doc. 1.] On November 23, 2011, Plaintiffs filed an amended complaint, adding one plaintiff and several defendants, and amending allegations and claims. [Doc. 38.] The parties sought extensions of time for discovery and motions. Current deadlines in place include: May 25, 2012 (termination of discovery); June 4, 2012 (discovery motions); and June 11, 2012 (substantive motions).

Plaintiffs allege that in 2008, Defendants Chambers and Townes raped them while Plaintiffs were housed in the Metropolitan Detention Center ("MDC") infirmary after suffering serious illnesses during incarceration. [Joint Status Report, Doc. 30, at 4.] Plaintiffs further contend, *inter alia*, that Townes was indicted in late 2007 for nine counts of criminal sexual penetration of inmates during his employment as a corrections facility guard. Townes was incarcerated at MDC and placed in the infirmary when Plaintiffs arrived there for treatment. [Id., at 3-4.] At this same time, Chambers was assigned as a corrections officer in the infirmary. [Id., at 4.]

County Defendants deny, *inter alia*, that Plaintiffs suffered any constitutional violations or that individual defendants committed any torts. They deny Plaintiffs were raped. Chambers also denies having inappropriate sexual contact with either of the first two Plaintiffs.[1] [Id., at 5.]

---

[1] The Joint Status Report was entered before Plaintiffs amended the complaint. Thus, it does not address issues relating to all of the parties.

**County Defendants' Motion to Quash**

I.       <u>Good-Faith Attempt to Resolve Dispute</u>

This District's local rules require a movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ 7.1(a). Rule 26(c) of the Federal Rules of Civil Procedure similarly requires that a movant include a certification that he or she "has in good faith conferred or attempted to confer with the affected parties in an effort to resolved the dispute without court action." Fed. R. Civ. P. 26(c).

In <u>Nationwide Mut., Ins. Co. v. Briggs</u>, 2011 WL 5903536, *1 (D. Kan. Nov. 23, 2011) (unpublished), the Kansas District Court observed that it would "not entertain any motion to resolve a discovery dispute pursuant to Fed.R.Civ.P. 26 ... unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." The court further noted that the movant had to "describe with sufficient particularity the parties' efforts to resolve th[e] dispute and show that the parties in good faith conversed, conferred, compared views, consulted and deliberated regarding the dispute or made a good faith attempt to do so." <u>Id.</u> Because the movant did not certify, in the motion or reply, that she had made good-faith efforts to resolve the dispute, the court denied the motion for protective order, without prejudice. <u>Id.</u> at *2.

Here, the County Defendants stated in a footnote that they "attempted to confer in good faith with Plaintiffs' counsel regarding the relief requested in [the motion to quash], and e-mailed a letter to Plaintiffs' counsel on March 14, 2012 [the day before they filed the motion to quash]. Plaintiffs' counsel indicated that this motion is opposed." [Doc. 72, at 1 n.1.] In their response, Plaintiffs argued that County Defendants did not comply with their obligation to confer in good-faith before

3

filing the motion. [Doc. 82, at 5-6.] They explained that on March 14, 2012, County Defendants' attorney sent an e-mail to Plaintiffs stating the purpose of the letter was to request concurrence with County Defendants' intention to file a motion for protective order and to quash subpoena. County Defendants attached a draft of the motion for review to the e-mail, and asked Plaintiffs to respond by the next morning at 9 a.m., to their proposal to file the motion. [Doc. 82, Ex. 1.]

On March 14, 2012, before the deadline to respond, Plaintiffs' counsel wrote an e-mail to County Defendants, stating that in view of the County Defendants' contention that Bernalillo County Sheriff's Department ("BCSD") was a "party to this case then I assume that you will not challenge any claim that statements made by BCSO (Bernalillo County Sheriff's Office) employees constitute admissions by a party. Please confirm this." Plaintiffs' counsel also wrote that since BCSO was a party to the case (based on counsel's review of the proposed motion to quash), any documents in BCSO's possession would also be in the County's possession for purposes of Rule 26. Plaintiffs' counsel stated there were a number of documents that County Defendants should have produced, based on County Defendants' position that BCSD was a division of Bernalillo County, including all investigations and notes and reports from BCSO. In addition, Plaintiffs' counsel observed that they had not yet received audio recordings of interviews conducted by BCSO as part of its investigation into the facts at issue and had received very few materials from BCSO that were responsive to the discovery requests. Plaintiffs asked for confirmation that County Defendants would supplement their previous discovery responses to include those of BCSO. Plaintiffs' counsel further noted that he was sending some requests for admission to confirm County Defendants' alleged representation that the Sheriff's Department was a party in this case. Finally, Plaintiffs' counsel stated that "[y]our responses to the issues above will determine whether we will be opposing your [motion]." [Doc. 82, Ex. 2.]

County Defendants did not respond to this e-mail and instead, filed the motion to quash the following day, on March 15, 2012. [Doc. 72, Doc. 82, Ex. 3.] On March 16, 2012, Plaintiffs' counsel again e-mailed defense counsel stating that County Defendants' assertion that Plaintiffs opposed the motion to quash when asked for concurrence was incorrect. Plaintiffs' counsel reiterated that he was awaiting a response to their questions regarding whether BCSD was a party to the case, but had received no response. Plaintiffs' attorney asked County Defendants to amend the motion to accurately reflect what occurred regarding Plaintiffs' concurrence or opposition to filing the motion. [Doc. 82, Ex. 3.] Plaintiffs contend that County Defendants again failed to respond to the correspondence. [Doc. 82, at 6-7.]

In County Defendants' reply [Doc. 83, at 7], they argue they could not comply with "Plaintiffs' contingency terms within the 'timeliness' period required by Fed. R. Civ. P. 45 for filing a motion for protective order and to quash subpoena . . . ." While by March 15, 2012, County Defendants may have been pressed for time to file a timely motion to quash, County Defendants could have sought an extension of time in order to make further attempts to resolve the subject of the dispute. They did not do so. County Defendants summarily state that they were unable to meet Plaintiffs' terms; however, there is no demonstration of any attempt to discuss Plaintiffs' concerns before filing the motion.

Based on the pleadings and e-mail correspondence attached to Plaintiffs' response brief, the Court concludes that County Defendants did not confer in good-faith with Plaintiffs' counsel regarding the relief requested. County Defendants's good-faith efforts consisted of a single e-mail that gave Plaintiffs' one day's warning before they stated they would file their motion. This is insufficient. When asked to respond to questions concerning the interpretation of County Defendants' assertion about the status of BCSD, County Defendants provided no response. Further,

5

when told that County Defendants' recitation of the good-faith efforts to obtain Plaintiffs' position was inaccurate, County Defendants again failed to respond to Plaintiffs.

County Defendants' efforts to resolve the dispute in this case are similar to the situation in Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003). In Hoelzel, the court noted that a single e-mail stating that the plaintiff intended to file a motion to compel based on the defendant's refusal to respond to discovery requests was insufficient to satisfy the requirement that parties make reasonable good-faith efforts to confer in an attempt to resolve a disputed matter. The court noted, "To confer means more than making a demand for compliance; it means 'to hold a conference; compare views; consult together.'" Id. at 636. The County Defendants did not hold such a conference.

Here, County Defendants' single e-mail served as a mere formality rather than a genuine attempt to "consult together." Moreover, their argument in the reply brief did not sufficiently describe why they could not have obtained an extension to further explore resolution of the dispute. Had County Defendants discussed with Plaintiffs the status of BCSD in this litigation, particularly in terms of their assertion in the reply [Doc. 83, at 5] that BCSD should be considered "an agent of Bernalillo County," this motion might have been resolved short of bringing it before the Court. [*See* analysis *infra* regarding agent status.]

Because the discovery deadline is fast approaching, the Court will consider the motion on the merits, but it reminds the parties that the good-faith conference contemplated by this District's local rules and Rule 26 requires a meaningful attempt to resolve the dispute before the motion is filed. Failure to engage in good-faith efforts to resolve a dispute can result in denial of a motion. *See, e.g.,* Kinard v. Kinard, 2012 WL 1165422, *1 (D. Colo. Apr. 9, 2012) (unpublished) (court

denied motion based on movant's failure to comply with similar district court rule requiring moving party to confer or make reasonable good-faith efforts to resolve matter before filing motion).

II.     Procedural Background

On February 15, 2012, the County Defendants served answers, responses and objections to Plaintiffs' first set of interrogatories and document requests. [Doc. 72, at 3.] County Defendants state that Plaintiffs sought the following documents in the initial Rule 34 document requests, and that these materials are at issue in this motion to quash.

      a.    RFP No. 1: All documents and recordings in your possession that contain, describe, and/or address allegations of rape, including investigation reports, notes, grievances, and incident reports, arising at MDC between October 1, 2003 and October 1, 2010.

      b.    RFP No. 3: All documents and recordings, including investigation reports, notes, grievances, and incident reports, that contain or address any allegations of rape, or any other violation of Bernalillo County, City of Albuquerque, or MDC policy, committed by Defendant Chambers during the course of his employment with Bernalillo County.

      c.    RFP No. 5: All statements, correspondence, e-mails, memoranda, notes or other documents obtained from any person having, or purporting to have, knowledge relating to any of the allegations contained in the Amended Complaint.

      d.    RFP No. 9: All documents created or compiled as a result of facts giving rise to the Amended Complaint, including all correspondence, e-mails, handwritten notes, charts, computer notes, investigative notes, reports, telephone messages, chronology of event, audio or videotapes, photographs, and any other documents created or reviewed by you regarding Plaintiffs' allegations.

      e.    RFP No. 11: Any and all statements previously made by Plaintiffs, Defendants, or any employee or agent of Bernalillo County concerning the subject incident, including any written statement signed or otherwise adopted or approved by Plaintiffs, Defendants, or any employee or agent of Bernalillo

> county and any stenographic, mechanical, electrical or other type of recording or any transcription of any statement made by Plaintiffs, Defendants, or any employee or agent of Bernalillo County or any notes memorializing such statement, excluding any attorney correspondence or work-product.

[Doc. 72, at 3-4.] County Defendants assert that as part of their responses to Plaintiffs' discovery requests, they provided, "*inter alia*, a claim of privilege log, investigative documents, and communications from the Bernalillo County Sheriff's Department" ("BCSD"). It is not clear from the briefing whether County Defendants provided an actual privilege log in accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), or if they merely raised a claim of privilege in response to some requests. For example, the parties gave no description in this briefing of documents or communications from the BCSD that County Defendants may have withheld based on a privilege.

It also is not clear from the briefing whether there were disputes raised by Plaintiffs over County Defendants' responses or objections to the discovery requests or whether there were attempts to resolve any disputes. No motion to compel was filed.

Instead, on March 5, 2012, Plaintiffs issued a Rule 45 subpoena for production to Sheriff Dan Houston of the BCSD. [Doc. 72, Ex. A.] The BCSD was to produce certain documents and information by March 16, 2012. Plaintiffs' subpoena asked that BCSD produce the following information:

    a.    Any and all documents created as part of any investigation into allegations of rape against Torry Chambers conducted by the BCSD.

    b.    Any and all documents created as part of any investigation into allegations of rape against Anthony Townes conducted by the BCSD.

    c.  Any and all documents containing, discussing, or memorializing communications – of any kind – between the BCSD and employees at the Bernalillo County MDC regarding Torry Chambers.

    d.  Any and all documents containing, discussing, or memorializing communications – of any kind – between the BCSD and employees at the Bernalillo County MDC regarding Anthony Townes.

BCSD is not a named Defendant in this lawsuit, but County Defendants assert that "[i]t goes without saying that BCSD is a division of Defendant Bernalillo County." [Doc. 72, at 4.] According to County Defendants, the Rule 45 subpoena served on BCSD was an improper "attempt to side step the requirements of Rule 34." [Doc. 72, at 8.] County Defendants argue:

> Defendant Bernalillo County is a party to the present lawsuit. Moreover, the Bernalillo County Sheriff's Department is a division of Defendant Bernalillo County. Consequently, as is discussed further below, Fed. R. Civ. P. 34 provides that the proper method for obtaining production of documents from Defendant Bernalillo County is via written requests for production [in accordance with Rule 34].

[Doc. 72, at 8.]

County Defendants shy away from declaring that BCSD is a party to the lawsuit,[2] but, at the same time, insist that the only way to obtain the records sought from BCSD is through Rule 34, the procedure governing document requests from a party. Thus, it appears that County Defendants essentially contend that the documents cannot be obtained through Rule 45, as BCSD, while not a party, is a division of the County, that is a party. Stated differently, County Defendants claim that BCSD is not necessarily a party upon whom Plaintiffs could serve a Rule 34 request for production, but that Rule 45 cannot be used either. The only route that remains is to serve a Rule 34 document

---

[2]Indeed, in later responses to requests for admission, County Defendants denied that BCSD is a party to this lawsuit. [Doc. 88.]

request on County Defendants for the BCSD information. Yet, Plaintiffs' earlier Rule 34 document requests, as described by County Defendants, would have encompassed a request for the BCSD materials.

Because the earlier Rule 34 document requests encompassed the Rule 45 subpoena requests, County Defendants also argue that the requests in the subpoena are duplicative of information already sought from County Defendants and subject County Defendants to undue burden. County Defendants further contend that the Rule 45 subpoena must be quashed because Plaintiffs' subpoena, allowing only eleven (11) days to respond, did not provide a reasonable amount of time to respond and actually "contravenes the fourteen (14) day requirement of Rule 45." [Doc. 72, at 10.]

III.    Analysis

    A.    Status of Bernalillo County Sheriff's Department ("BCSD")

Plaintiffs did not specifically name BCSD as a defendant in this case, and County Defendants denied in requests for admission that BCSD is a party [Doc. 88]. In their reply, County Defendants clarify that BCSD "is considered an agent of Bernalillo County . . . ." [Doc. 83, at 2.] County Defendants further state several times that, in accordance with New Mexico case law, "BCSD would be considered to be an agent of Bernalillo County, as BCSD was gathering documents and information at the request of Bernalillo County." [Id., at 5.] Thus, the Court concludes that BCSD is a non-party to this litigation, but also an agency of County Defendants, who are parties.

    B.    Rule 45 Subpoena or Rule 34 Document Request

The next question is whether Plaintiffs were required to request documents from the BCSD through a Rule 45 subpoena or a Rule 34 document request. One thing is clear – Plaintiffs could not

10

serve non-party BCSD directly with a Rule 34 document request. But, Plaintiffs could have and did serve County Defendants with a Rule 34 request for documents.

The most appropriate way of requesting documents from a party is via document request in accordance with Rule 34. *See* Fed. R. Civ. P. 34(a) ("[a] party may serve on any other party a request within the scope of rule 26(b) . . . ."). Rule 34 further provides that a party is required to produce various items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A).

The authors of the Federal Civil Rules Handbook provide the following guidance in interpreting Rule 34's language.

> A party must produce all discoverable documents or things responsive to a request that are in the party's possession, custody or control. Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, control, or the legal right to obtain the documents on demand. Documents held by the party's attorney, expert . . ., or agent are deemed to be within the party's control. Likewise, documents held by a subsidiary, affiliated corporation, or branch office in another state may be within a party's control.

Baicker-McKee, Janssen & Corr, Federal Civil Rules Handbook, at p. 886 (2012 ed.) (citations omitted). *See, e.g.,* McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am., 160 F.R.D. 691, 695-96 (S.D.Ind. 1993) (holding that organizations must produce documents within the possession of their officers or agents/employees).

Here, County Defendants identify BCSD as a division of the County and as County Defendants' agent. Thus, County Defendants were required to obtain any and all discoverable documents from BCSD that were included in the Rule 34 document requests served on County Defendants. Indeed, County Defendants state in their reply that "BCSD was gathering documents

11

and information at the request of Bernallilo County," in response to the document requests. [Doc. 83, at 5.]

The next question that arises is whether Plaintiffs failed to file a timely motion to compel when all discoverable information was not produced by Bernalillo County, (*e.g.,* recordings of interviews of Plaintiffs and key witnesses conducted by Detective Santiago Roybal, Detective Roybal's investigative file that contained a bulleted list of reasons why Captain Juan Chacon disagreed with Det. Roybal's conclusion that Mr. Chambers had raped Plaintiffs, other written communications between Det. Roybal and the County concerning the investigation into allegations against Mr. Chambers, as identified by Det. Roybal in his deposition), or whether Plaintiffs issued the Rule 45 subpoena based on either their lack of knowledge about the existence of such documents/recordings or their belief that the only option was to serve BCSD, a non-party, with the Rule 45 subpoena. This is the type of dispute that the parties conceivably should have resolved had they engaged in a good-faith effort to confer about these questions.

Based on the briefing of this motion to quash, the Court does not know what types of objections were raised by County Defendants in their responses to the Rule 34 document requests or what types of materials might have been withheld based on a privilege. Thus, the Court is unable to make a determination as to whether Plaintiffs should have proceeded by filing a motion to compel, and no party addressed this issue in this briefing.

Plaintiffs were not precluded from serving a Rule 45 subpoena on non-party BCSD, especially in view of the uncertainty of County Defendants' position regarding whether BCSD was a party, non-party, agent, etc. *See* Neel v. Mid-Atlantic of Fairfield, LLC, 2012 WL 98558, *1 (D. Md. Jan. 11, 2012) (unpublished) (a majority of courts allow Rule 45 subpoenas to be served on parties as well as non-parties; and among this majority, the consensus is that such subpoenas

12

constitute "discovery" and must be utilized prior to the close of the discovery period). *See also* Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002) ("the majority of jurisdictions [ ]hold[ ] that a Rule 45 subpoena does in fact constitute discovery."); Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001) (noting that "[m]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines"); Integra Lifesciences I, Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D.Cal. 1999) (observing that "[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case").

The Court acknowledges, however, that a Rule 45 subpoena cannot be used to circumvent discovery deadlines. *See, e.g.,* Rice v. U.S., 164 F.R.D. 556, 558 (N.D. Okla. 1995) (noting cases where subpoenas were quashed when used as a means to reopen discovery after the cut-off date). *See also* Mortgage Info. Servs., 210 F.R.D. at 566 (noting in that district, Rule 45 subpoenas could be served on both parties and non-parties, provided that the subpoena was not used to "circumvent" Rule 34 requirements), and McLean v. Prudential S.S. Co., 36 F.R.D. 421, 425 (E.D.Va. 1965) ("[i]t is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45"). *See also* 7 Moore's Federal Practice § 34.03[2][a] (stating that, "[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders").

On March 5, 2012, when Plaintiffs elected to serve the subpoena on BCSD, Plaintiffs could not have been attempting to circumvent discovery deadlines. That is true because the extended discovery deadline is May 25, 2012. Thus, Plaintiffs had ample time to serve a Rule 34 document request on an appropriate party and within the discovery period. This is not a case where Plaintiffs

were attempting to extend discovery or circumvent Rule 34 deadlines for responding to document requests.

The Court determines that, under these circumstances, Plaintiffs' election to use a Rule 45 subpoena was not improper.[3] But, Plaintiffs did not allow a reasonable time to respond to the subpoena when they required production within 11 days of service of the subpoena.. *See* Fed. R. Civ. P. 45(c)(2)(B) (a non-party subject to a subpoena has 14 days from service to raise any objections). Therefore, the Court grants County Defendants' motion to the extent that the March 5, 2012 subpoena is quashed.

County Defendants' request for a motion for protective order is unclear. Plaintiffs state that good cause exists for the Court to issue a protective order, thereby "prescribing a discovery method other than the one selected by Plaintiffs" in issuing the Rule 45 subpoena to Defendant Bernalillo County or BCSD. [Doc. 72, at 2-3.] Plaintiffs then appear to argue that they should not have to produce any of the requested documents (in the subpoena) because the requests subject County Defendants to undue burden. County Defendants specifically ask for a protective order instructing Plaintiffs that the proper discovery tool for obtaining "documents from a party is via Rule 34. . . ." [Doc. 72, at 3.] Later, in the briefing, County Defendants assert that Rule 26(c) provides the Court with authority to "forbid the disclosure of discovery." [Doc. 72, at 7.] As best as can be gleaned from County Defendants' briefing, they seek an order from the Court precluding the production of any of the documents sought by the Rule 45 subpoena.

---

[3]However, if there were evidence that Plaintiffs missed the deadline to file a motion to compel after receipt of Rule 34 objections/response, and chose to use a Rule 45 subpoena to attempt to rectify that error, the Court does not permit or condone this type of practice. Neither party raised this matter.

The Court declines this request, as it concludes that the requested information in the Rule 45 subpoena, and as described by Plaintiffs in this briefing, is relevant to the claims and defenses and discoverable. Indeed, if County Defendants have not done so, they already should have supplemented earlier discovery responses to include the requested information. This is particularly true based on Plaintiffs' assertion that County Defendants did not raise an objection as to why it could not produce at least some of the materials and raised no privilege regarding some of the information. [Doc. 82, at 4 n.3.]

Because the Court finds that the requested materials in the subpoena are discoverable and relevant under Fed. R. Civ. P. 26(b), the Court denies the motion for protective order. In addition, the Court directs Plaintiffs to re-serve the Rule 45 subpoena. They may serve the Rule 45 subpoena on either County Defendants (with the requirement that County Defendants produce all discoverable materials or an appropriately detailed privilege log) or BCSD. If Plaintiffs serve County Defendants with the subpoena, County Defendants will confer with their agent BCSD in order to obtain all discoverable materials sought by Plaintiffs. Plaintiffs must allow the subpoenaed party a minimum of 14 (fourteen) days to produce the requested information or timely serve written objections.[4] The date for responding to the subpoena must not exceed the discovery deadline.

---

[4]The Court does not address whether County Defendants had standing to file this motion to quash since neither party raised the argument. There is authority for the proposition that a motion to quash a subpoena may only be brought by the witness and that parties do not have standing to bring the motion on behalf of the witness. Federal Rules Handbook, at p. 977 (citations omitted). There is also authority that permits a person "affected by a subpoena" to file a motion to quash if that person alleges she/he has standing to challenge the subpoena because it affects a proprietary interest or claim of privilege, etc.

## Conclusion

For the above-stated reasons, the Court grants County Defendants' motion to quash the March 5, 2012 subpoena, and allows Plaintiffs to re-issue the subpoena in accordance with this opinion. The Court denies County Defendants' motion for protective order.

IT IS THEREFORE ORDERED that County Defendants' motion to quash and motion for protective order is GRANTED in part and DENIED in part, as described herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge